```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HOME DEPOT U.S.A., INC.,

                Plaintiff,

     -against-                           MEMORANDUM & ORDER
                                         13-CV-0099(JS)(AKT)
FARM FAMILY CASUALTY INSURANCE
COMPANY,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      John McCorry, Esq.
                    McVey & Parsky, LLC
                    30 N. Lasalle St., Suite 2100
                    Chicago, IL 60602

                    William T. Collins, III, Esq.
                    Simmons, Jannace & DeLuca, LLP
                    43 Corporate Dr.
                    Hauppauge, NY 11788

For Defendant:      Dan David Kohane, Esq.
                    Elizabeth A. Fitzpatrick, Esq.
                    Hurwitz & Fine, P.C.
                    1300 Liberty Building
                    Buffalo, NY 14202
```

SEYBERT, District Judge:

This insurance coverage dispute arises out of a slip-and-fall in the parking lot of a Home Depot location in Shirley, New York (the "Shirley Location"), owned by Plaintiff Home Depot U.S.A., Inc. ("Home Depot"). Before the incident, J&J Maintenance, Inc. ("J&J") entered into a verbal contract with Home Depot to perform snow removal services in the Shirley Location's parking lot. Home Depot is seeking coverage from J&J's insurer, Defendant

Farm Family Casualty Insurance Company ("Farm Family"), for claims asserted against Home Depot based on the slip-and-fall (the "Morris Action")[1]. (See generally Compl., Docket Entry 1.)

Farm Family moves for summary judgment declaring that it need not defend Home Depot in the Morris Action. (Docket Entry 35.) Home Depot has cross-moved for summary judgment asserting that Farm Family does have a duty to defend it and must reimburse Home Depot for defense costs incurred in defending the Morris Action. (Docket Entry 37.) For the following reasons, Farm Family's motion is GRANTED, and Home Depot's motion is DENIED.

BACKGROUND[2]

I. Factual Background[3]

---

[1] John Morris and his wife sued Home Depot after John Morris slipped and fell in the Shirley Location's parking lot. (Def.'s 56.1 Stmt., Docket Entry 35-4, ¶ 3; Pl.'s 56.1 Stmt., Docket Entry, 37-2, ¶ 3.)

[2] The following facts are drawn from the parties' 56.1 Statements, their affidavits, and other documents filed in support of the parties' motions.

[3] Before providing a factual background, the Court must address the deficiencies of Farm Family's 56.1 Counterstatement. (See Def.'s 56.1 Counterstmt., Docket Entry 35-13.) In a letter dated March 18, 2014, Home Depot points out that Farm Family filed a 56.1 Counterstatement but did not comply with Local Civil Rule 56.1(d). (See Mar. 18 Ltr., Docket Entry 25.) Indeed, Farm Family has failed to support its denials "by citation to evidence which would be admissible . . . as required by Fed. R. Civ. P. 56(c)." LOCAL CIV. R. 56.1(d). But that failure "does not absolve [Home Depot] . . . of the burden of showing that it is entitled to judgment as a matter of law." See Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001). Thus, the Court may review the record independently and

2

A.  The Maintenance Contractor Agreement

In February 2003, Home Depot and J&J entered into a Maintenance Contractor Agreement ("MCA"), in which J&J agreed to provide snow removal services to five Home Depot locations. (Def.'s 56.1 Stmt., ¶ 13; see MCA, Def.'s Aff. Ex. C, Docket Entry 35-7, at 1, 9-13.)[4]  Section 8 of the MCA provided that J&J "agree[d] to maintain" certain insurance coverage for Home Depot. (See Def.'s 56.1 Stmt. ¶ 14; MCA at 4.)  Section 8 further provided that J&J would "provide an Owners and Contractors Protective Liability Policy in lieu of the additional insured requirement. This Policy will show Customer as named insured and will remain in effect until the work is completed and accepted."  (MCA at 4.)

Critically, when the parties executed the MCA, it did not include the Shirley Location.  (See generally MCA.)  On this point, two provisions of the MCA are particularly relevant:

> 13.0  Changes and Modifications.
>
> The terms and conditions of this Agreement may not be amended, waived or modified, except in a writing signed by both parties.
>
> * * *
>
> 24.0  Entire Agreement.

---

disregard any of Farm Family's assertions that do not have support by admissible evidence.  Id.

[4] For the purposes of this Memorandum and Order, the Court will use the page numbers generated by the Electronic Case Filing System when referring to the parties' exhibits.

3

> This Agreement, including all Exhibits and any other documents referenced herein, constitutes <u>the entire agreement between the parties</u> with respect to the subject matter hereof, and supersedes all other communications, including but not limited to all prior agreements, between the parties with respect to such subject matter.

(MCA at 6-7 (emphasis added).)

## B. The Shirley Location

In January 2004, Home Depot asked J&J to provide a proposal for snow removal services for Store #1282, the Shirley Location, which J&J submitted soon after. (Pl.'s 56.1 Stmt., ¶¶ 19-20; see Shirley Proposal, Def.'s Aff. Ex. E, Docket Entry 35-9.) The parties agree that Home Depot verbally acknowledged the Shirley Proposal and instructed J&J to begin work. (Def.'s 56.1 Stmt. ¶¶ 23, 26; Pl.'s 56.1 Stmt. ¶ 25.) In fact, the Shirley Proposal was signed only by J&J President, Joseph Belmonte. (Def.'s 56.1 Stmt. ¶¶ 11, 23.) J&J began snow plowing at the Shirley Location on January 15, 2004--four days before the alleged slip-and-fall. (Pl.'s 56.1 Stmt. ¶ 30.)

## C. The Morris Action

In the early morning of January 19, 2004, an individual named John Morris slipped and fell on "an accumulation of ice, snow and water" in the Shirley Location's parking lot. (Def.'s 56.1 Stmt. ¶ 3.) At the time, the Shirley Location was under construction and not yet open to the general public. (Pl.'s 56.1

Stmt. ¶ 5.) Mr. Morris was a union electrician who worked at the Shirley Location while it was under construction. (Pl.'s 56.1 Stmt. ¶ 6.) According to Mr. Morris, it appeared that the parking lot had not been plowed when he arrived for work. (Pl.'s 56.1 Stmt. ¶ 10.) He also claims that he saw that the parking lot was sanded at approximately 10 a.m., three hours after he slipped and fell. (See Pl.'s 56.1 Stmt. ¶ 12; Def.'s 56.1 Stmt. ¶ 3.)

The Morrises filed suit against Home Depot in Nassau County Supreme Court. (Pl.'s 56.1 Stmt. ¶ 3.) Some time later, Home Depot filed a third-party complaint against J&J. (See Tr. Court Decision, Def.'s Aff. Ex. A, Docket Entry 35-2, at 2.)

D. Home Depot's Request for Insurance Coverage

At the time of the slip-and-fall, J&J was insured by Farm Family. (Def.'s 56.1 Stmt. ¶ 36; see J&J's Policy, Def.'s Aff. Ex. G, Docket Entry 35-11.) Starting on April 6, 2006, Home Depot began requesting that Farm Family defend it in the Morris Action and indemnify Home Depot for any judgment or settlement. (Def.'s 56.1 Stmt. ¶ 37; see Apr. 6, 2006 Ltr., Pl.'s Aff. Ex. 7, Docket Entry 38-10.) Farm Family repeatedly denied Home Depot's request, arguing that although Home Depot was an additional insured, the loss did not arise out of J&J's work. (See May 10, 2006 Ltr., Pl.'s Aff. Ex. 8, Docket Entry 38-11; Aug. 14, 2006 Ltr., Pl.'s Aff. Ex. 10, Docket Entry 38-13.)

5

Notably, J&J's Policy does not name Home Depot as an additional insured. (See generally J&J's Policy.) But Farm Family did issue a certificate of insurance to Home Depot indicating its intention to afford Home Depot coverage as an additional insured. (See Certificate of Ins., Docket Entry 41-1.)[5]

II. Procedural History

A. Ruling in the Morris Action

In the Morris Action, J&J filed a motion for summary judgment to dismiss Home Depot's third-party complaint, and in August 2014, Judge Thomas F. Whelan granted J&J's motion.[6] (See Tr. Court Decision at 1-8.) In doing so, the court reasoned that even if J&J left "some residual snow or ice on the plowed area, J&J cannot be said to have created a dangerous condition." (Tr. Court Decision at 8.) The court also determined that the MCA did not apply to the Shirley Location because the parties only reached a verbal agreement and the MCA required a writing signed by both parties to alter or amend any terms. (Tr. Court Decision at 9-10.)

---

[5] The Court notes that the certificate of insurance includes an important disclaimer: "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." (Certificate of Ins.)

[6] Home Depot is appealing this decision. (Pl.'s Br., Docket Entry 37-1, at 6-7.)

B.  <u>Pending Cross-Motions for Summary Judgment</u>

On January 8, 2013, Home Depot filed this lawsuit. (<u>See</u> Compl.) Home Depot seeks an order on three grounds: (1) Farm Family must defend and indemnify Home Depot in the Morris Action (Compl. ¶¶ 25-28); (2) Farm Family must reimburse Home Depot for all costs incurred by Home Depot for its defense of the Morris Action (Compl. ¶¶ 29-33); and (3) Farm Family is estopped from disclaiming liability because it failed to deny coverage as soon as reasonably possible (Compl. ¶¶ 34-41).

Both parties have cross-moved for summary judgment. (Docket Entries 35, 37.) Home Depot's principal argument is that the duty to defend is broad and that the Morris Action arguably arose out of J&J's work. (Pl.'s Br at 8-13.) Home Depot asserts that at minimum, Farm Family owed it a defense in the Morris Action between April 6, 2006 and August 8, 2014. (Pl.'s Br. at 12.) In response, Farm Family contends that it has no duty to defend because the MCA did not govern the Shirley Location and, thus, "J&J was under no obligation to name Home Depot as an additional insured for the Shirley Store." (Def.'s Br., Docket Entry 35-3, at 9.)

DISCUSSION

I.  <u>Legal Standard</u>

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the

7

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256, 106 S. Ct. at 2514). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986) (citation omitted); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir.

8

1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact.") (citations omitted).

"The same standard applies where, as here, the parties filed cross-motions for summary judgment . . . ." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001) (citing Terwilliger v. Terwilliger, 206 F.3d 240, 244 (2d Cir. 2000)). Thus, even if both parties move for summary judgment and assert the absence of any genuine issues of material fact, "a district court is not required to grant judgment as a matter of law for one side or the other." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citation omitted). "Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citation omitted).

## II. Farm Family's Duty to Defend

As an initial matter, "an insurer's duty to defend presents a question of law appropriate for resolution by summary judgment." Wausau Underwriters Ins. Co. v. QBE Ins. Corp., 496 F. Supp. 2d 357, 360 (S.D.N.Y. 2007) (citing Avondale Indus., Inc. v. Travelers Indem. Co., 887 F.2d 1200, 1204 (2d Cir. 1989)). Under New York law, the duty to defend is "'exceedingly broad.'" Regal

9

Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 15 N.Y.3d 34, 37, 930 N.E.2d 259, 261, 904 N.Y.S.2d 338 (2010) (quoting BP Air Conditioning Corp. v. One Beacon Ins. Grp., 8 N.Y.3d 708, 714, 871 N.E.2d 1128, 1131, 840 N.Y.S.2d 302 (2007)). In that regard, an insurer must defend an insured or additional insured where "the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" Euchner-USA, Inc. v. Hartford Cas. Ins. Co., 754 F.3d 136, 141 (2d Cir. 2014) (quoting Auto. Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137, 850 N.E.2d 1152, 1155, 818 N.Y.S.2d 176 (2006)) (ellipsis in original); see also Kassis v. Ohio Cas. Ins. Co., 12 N.Y.3d 595, 599-600, 913 N.E.2d 933, 934, 885 N.Y.S.2d 241 (2009) (finding that an additional insured "enjoy[s] the same protection as the named insured") (internal quotation marks, citation, and emphasis omitted).

A. Collateral Estoppel

Farm Family argues that Home Depot is collaterally estopped from asserting coverage based on the lower court's decision in the Morris Action. (Def.'s Br. at 9-10.) The Court disagrees.

The doctrine of collateral estoppel, or issue preclusion, prevents parties from relitigating a "legal or factual issue already decided in an earlier proceeding." Perez v. Danbury Hosp., 347 F.3d 419, 426 (2d Cir. 2003) (citing Boguslavsky v.

10

Kaplan, 159 F.3d 715, 719-20 (2d Cir. 1998)). To find collateral estoppel, four factors must be met:

> (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Grenon v. Taconic Hills Cent. Sch. Dist., No. 05-CV-1109, 2006 WL 3751450, at *6 (N.D.N.Y. Dec. 19, 2006) (internal quotation marks and citations omitted). A party that was not a litigant in the first action may still invoke collateral estoppel "as long as the person against whom the findings are asserted . . . had a full and fair opportunity to litigate the identical issue in the prior action." Carino v. Town of Deerfield, 750 F. Supp. 1156, 1170 (N.D.N.Y. 1990) (citation omitted). Under this doctrine, the Court is obliged to give preclusive effect to the judgments of state courts. Kelleran v. Andrijevic, 825 F.2d 692, 694 (2d Cir. 1987) ("'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so . . . .'") (quoting Allen v. McCurry, 449 U.S. 90, 95-96, 101 S. Ct. 411, 415-16, 66 L. Ed. 2d 309 (1980) (ellipsis in original)).

Here, the Court focuses on the first requirement: identity of issues. Courts in this Circuit have observed that the

11

issues presented in both actions need not be "'exactly identical; it is sufficient that the issues presented in [the earlier litigation] are substantially the same as those presented by [the later] action.'" Cerny v. Rayburn, 972 F. Supp. 2d 308, 316-17 (E.D.N.Y. 2013) (quoting Thomas v. Venditto, 925 F. Supp. 2d 352, 361 (E.D.N.Y. 2013)) (alterations in original). In other words, the Court must not render a decision that "would destroy or impair rights or interests established" in the earlier litigation. Sorrentino v. Barr Labs., Inc., 397 F. Supp. 2d 418, 422 (W.D.N.Y. 2005) (internal quotation marks and citation omitted).

The Court finds that the issues in this case and the Morris Action are not identical. The question here focuses on whether Home Depot was an additional insured under Farm Family's policy. The lower court only considered whether the MCA applied to the Shirley Location. (Tr. Court Decision at 9-10.) Although that analysis plays an important role in this Order, the Court concludes that the identity of issues requirement has not been met and, thus, collateral estoppel does not apply.

B. Non-Coverage

As the party claiming coverage, Home Depot bears the burden of proof and "is not entitled to coverage if not named as an insured or an additional insured on the face of the policy." Nat'l Abatement Corp. v. Nat'l Union Fire Ins. Co., 33 A.D.3d 570, 570-71, 824 N.Y.S.2d 230, 232 (1st Dep't 2006) (citations omitted).

12

After a close review of J&J's insurance policy, the Court observes that Home Depot is not listed as an additional insured in the Schedule or anywhere else in the policy. (See generally J&J's Policy.)

Although "[t]he four corners of an insurance agreement" generally control, Sixty Sutton Corp. v. Illinois Union Ins. Co., 34 A.D.3d 386, 388, 825 N.Y.S.2d 46, 48 (1st Dep't 2006) (citation omitted), some New York courts have reviewed the underlying agreement for coverage purposes. See, e.g., City of N.Y. v. Philadelphia Indem. Ins. Co., 25 Misc. 3d 1202(A), 899 N.Y.S.2d 58 (Sup. Ct., Kings Cty., Jan. 22, 2007) (contract); Greater N.Y. Mut. Ins. Co. v. Mut. Marine Off., Inc., 3 A.D.3d 44, 47, 769 N.Y.S.2d 234, 237 (1st Dep't 2003) (lease); William Floyd Sch. Dist. v. Maxner, 68 A.D.3d 982, 985-86, 892 N.Y.S.2d 115, 118 (2d Dep't 2009) (subcontract).[7] Thus, the Court will examine the MCA to determine whether Home Depot is an additional insured under Farm Family's policy.

---

[7] In William Floyd, for example, the policy provided that the additional insured was covered "'with respect to liability arising out of [the subcontractor's] ongoing operations performed for that additional insured by the named insured at the location designated in the written contract." 68 A.D.3d at 985, 892 N.Y.S.2d at 118. The Court notes that Farm Family's policy does not reference an underlying contract with Home Depot. But other facts, including the certificate of insurance, indicate that Farm Family intended to cover Home Depot in some capacity. With that, the Court must evaluate the terms of the MCA to determine if and when Home Depot was an additional insured under Farm Family's policy.

13

It is well-settled that the interpretation of a contract is a question of law, including "the threshold question of whether the terms of the contract are ambiguous." Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, Eng., 136 F.3d 82, 86 (2d Cir. 1998) (citation omitted). "Where the language of the contract is unambiguous, and reasonable persons could not differ as to its meaning," summary judgment is proper. See Rothenberg v. Lincoln Farm Camp, Inc., 755 F.2d 1017, 1019 (2d Cir. 1985) (collecting cases). Contract language is unambiguous when it has "'a definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion.'" Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989) (quoting Breed v. Ins. Co. of N. Am., 46 N.Y.2d 351, 355, 385 N.E.2d 1280, 1282, 413 N.Y.S.2d 352 (1978)). By contrast, an ambiguity exists when the contract language is "capable of more than one meaning when viewed objectively by a reasonably intelligent person." JA Apparel Corp. v. Abboud, 568 F.3d 390, 396-97 (2d Cir. 2009) (internal quotation marks and citations omitted).

After a careful review of the MCA, the Court has determined that Home Depot was not an additional insured for the Shirley Location. The MCA, which constituted the "entire agreement," required a writing, signed by both parties, to effectuate an amendment. (MCA at 6-7.) And the parties only

entered into a verbal contract for the Shirley Proposal. (Def.'s 56.1 Stmt. ¶¶ 23, 26; Pl.'s 56.1 Stmt. ¶ 25.) Based on the MCA's unambiguous language, Home Depot is not entitled to coverage.

Home Depot's argument that Farm Family should be estopped from asserting non-coverage lacks merit. As a preliminary point, the Court construes this argument as one of waiver. Equitable estoppel is a doctrine "that limits an insurers' ability to delay coverage decisions after undertaking the defense of an action." Com. Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 822 F.2d 267, 274 (2d Cir. 1987). Waiver, on the other hand, is "an intentional relinquishment of a right." Bellefonte Re-Ins. Co. v. Volkswagenwerk AG, 102 A.D.2d 753, 756, 476 N.Y.S.2d 890, 894 (1st Dep't 1984) (internal quotation marks and citation omitted).

Home Depot asserts that Farm Family "mislead Home Depot into believing that it was an additional insured on J&J's policy" because Farm Family stated as much in a letter dated May 10, 2006 and denied coverage on other grounds. (Pl.'s Reply Br., Docket Entry 41, at 3; see also May 10, 2006 Ltr. ("We have now determined that The Home Depot is an additional insured policy.").) Although Farm Family's statement is inconsistent with the terms of the MCA, it is "'settled law that waiver or estoppel may not be invoked to

15

create coverage where none exists under the policy as written.'"[8] See Capari v. Hartford Accident & Indem. Co., 69 Misc. 2d 354, 360, 330 N.Y.S.2d 206, 213 (1972) (quoting Simpson v. Phoenix Mut. Life Ins. Co., 30 A.D.2d 265, 268, 291 N.Y.S.2d 532, 536 (1st Dep't 1968), aff'd, 24 N.Y.2d 262, 247 N.E.2d 655, 299 N.Y.S.2d 835 (1969)). As a result, Farm Family is not estopped from asserting a non-coverage defense.

Home Depot's next argument--that Farm Family waived its ability to disclaim coverage under New York Insurance Law § 3420(d)(2)--is likewise without merit. (See Pl.'s Br. at 13-15.) Generally, an insurer disclaiming liability or denying coverage for death or bodily injury, as this case here, must give written notice to the claimant as soon as reasonably possible. N.Y. INS. LAW § 3420(d)(2) (McKinney 2013). But a disclaimer is unnecessary if the policy does not cover the claim at issue. Worcester Ins. Co. v. Bettenhauser, 95 N.Y.2d 185, 188, 734 N.E.2d 745, 747, 712 N.Y.S.2d 433 (2000). To hold otherwise "would create coverage where it never existed." Id. Thus, Home Depot cannot argue that Farm Family waived its non-coverage defense under New

---

[8] In the context of equitable estoppel, an insurer may waive its non-coverage defense if it initiates a defense of the insured and later asserts that the claim is not covered. O'Dowd v. Am. Sur. Co. of N.Y., 3 N.Y.2d 347, 355, 144 N.E.2d 359, 363, 165 N.Y.S.2d 458 (1957) (citations omitted). But those circumstances are not present here: Farm Family never participated in Home Depot's defense.

16

York Insurance Law § 3420(d)(2) because there was no coverage to begin with.

Nor does the fact that Farm Family issued a certificate of insurance save Home Depot's argument. (See Pl.'s Reply Br. at 3-4.) When a certificate of insurance states that it is for informational purposes only, it is "insufficient, by itself, to show that such insurance has been purchased." Trapani v. 10 Arial Way Assocs., 301 A.D.2d 644, 647, 755 N.Y.S.2d 396, 399 (2d Dep't 2003) (collecting cases); see also Moleon v. Kreisler Borg Florman Gen. Constr. Co., 304 A.D.2d 337, 339, 758 N.Y.S.2d 621, 623 (1st Dep't 2003) (finding that a certificate of insurance was insufficient to establish coverage when it stated that it was "'issued as a matter of information only and confers no rights upon the certificate holder [and that] this certificate does not amend, extend or alter the coverage afforded by the policies.'") (alteration in original). Put another way, a certificate of insurance is evidence of intent, not coverage. Buccini v. 1568 Broadway Assocs., 250 A.D.2d 466, 469-70, 673 N.Y.S.2d 398, 401 (1st Dep't 1998) (citations omitted). In this case, Farm Family's certificate of insurance contained the following disclaimer: "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES

BELOW." (See Certificate of Ins.) On that basis, it is clear that the certificate of insurance did not confer any coverage.

Yet the Court acknowledges that some New York courts have conferred coverage based on a certificate of insurance. 10 Ellicott Square Ct. Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 122-23 (2d Cir. 2010) (collecting cases). As the Ellicott court observed, the First and Second Departments have rejected estoppel arguments based on a certificate of insurance, but the Third and Fourth Departments have found estoppel where "the certificate was issued by an agent within the scope of its authority" and "the party seeking coverage reasonably relied on" it. See id. No matter which rule the Court applies, the result is the same: there is no coverage. Although the Douglas Immoor Agency, a provider of Farm Family, issued the certificate of insurance, Home Depot could not have "reasonably relied on" it because the MCA did not govern the Shirley Location. In other words, Home Depot could not have expected to be covered as an additional insured for the Shirley Location when the MCA was limited to five locations, none of which were the Shirley Location.

For the reasons stated above, Farm Family's motion for summary judgment is GRANTED, and Home Depot's motion is DENIED.

## CONCLUSION

Defendant's motion for summary judgment (Docket Entry 35) is GRANTED, and Plaintiff's motion for summary judgment (Docket Entry 37) is DENIED.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February __11__, 2016
       Central Islip, New York